# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 2-24-cr-20442
                                                    Hon. Sean F. Cox

v.

JOEL ADELSBERG,

        Defendant.

_____/

**DEFENDANT'S CONSOLIDATED MOTION AND BRIEF TO CONTINUE SPECIALIZED TREATMENT AT THE CENTER FOR ASSESSMENT**

Defendant JOEL ADELSBERG ("Mr. Adelsberg"), by and through his attorneys, LEWIS & DICKSTEIN, P.L.L.C., by PARISA SADRNIA, RANDALL M. LEWIS, and LOREN M. DICKSTEIN, asks the Court to permit Mr. Adelsberg to continue his specialized treatment with his treating provider, Jennifer Zoltowski, MS, LLP, CCFC, CCSOTS ("Ms. Zoltowski"), at the Center for Assessment, in Huntington Woods, Michigan, without having to undergo any further assessments and, if necessary, permit the defense to prepare a custom release that will allow Pretrial Services access to the information it seeks limited to what is indicated in the September 12, 2024 email, and states as follows:

## STATEMENT OF FACTS

On February 22, 2024, law enforcement executed a search warrant at Mr. Adelsberg's residence in Canton, Michigan. This led to the allegations outlined in the Indictment filed by the Government on August 7, 2024. Immediately after the search warrant was executed, Mr. Adelsberg retained Counsel and sought professional help voluntarily.

On August 13, 2024, Mr. Adelsberg was arraigned by Magistrate Judge Kimberly G. Altman. Mr. Adelsberg was released on a $10,000.00 unsecured bond with stringent pretrial release conditions in place (ECF No. 15). One of his pretrial release conditions is to agree to treatment for specialized services as directed by the pretrial services office. During the arraignment, Counsel advised the Court, the Government, and Pretrial Services Officer Ryan Helms that Mr. Adelsberg has been diligently engaged in specialized treatment with Ms. Zoltowski at the Center for Assessment since March 2024, and none of the allegations that give rise to the Indictment have occurred since Mr. Adelsberg has been in treatment.

On or about September 9, 2024, Pretrial Services requested Mr. Adelsberg to sign an authorization to release confidential information about his treatment with Ms. Zoltowski. (Exhibit A – Release Form). The release requires a treating provider to disclose the following:

> The confidential information to be released will include: date of entrance to program; attendance records; drug detection test results; type, frequency, and effectiveness of therapy; general adjustment to program rules; type and dosage of medication; response to treatment; test results (e.g., psychological, psycho-physiological measurements, vocational, sex offense specific evaluations); date of and reason for withdrawal or termination from program; diagnosis; and prognosis.

(Ex. A). This information is used to "keep the pretrial services officer informed concerning compliance with any condition or special condition of supervision." (Ex. A).

Counsel reviewed the release form and emailed Pretrial Services. Mr. Adelsberg's Pretrial Release Order does not require him to sign that specific release form. As a result, Counsel inquired if the release form could be modified to provide proof of specialized treatment and evidence of attendance. (Exhibit B – 09/09/24 Email Correspondence). Counsel was informed that the release form is "not altered or changed for defendants under supervision." (Exhibit C – 09/12/24 Email Correspondence).

Pretrial Services wants to speak with Mr. Adelsberg's treating provider "to collaborate and ensure [he's] receiving adequate services, complying with treatment recommendations, and [is] not a risk of harm to [himself] or others." (Ex. C). To resolve this issue without court intervention, Counsel offered to prepare a custom release allowing Pretrial Services access to the information sought per the Agent's 09/12/2024 email. (Exhibit D – 09/12/24 Counsel's Emailed Response).

3

On September 19, 2024, Counsel was informed that Mr. Adelsberg "will be referred to our contract provider for an assessment." (Exhibit E – 09/19/24 Email Correspondence). Pretrial Services will refer Mr. Adelsberg to treatment with a contracted provider if recommended. (Ex. E). Pretrial Services did not respond to whether a custom release form could be prepared. In turn, Counsel reached out to the Government. The Government spoke with Pretrial Services. The Government informed Counsel that this request is part of Pretrial Services' plan to ensure that Mr. Adelsberg gets ordered specialized treatment, which is purportedly distinct from the treatment Mr. Adelsberg has sought voluntarily. Neither Counsel nor Mr. Adelsberg has ever been informed by Pretrial Services that his specialized treatment at the Center for Assessment is inadequate.

Jennifer M. Zoltowski, MS, LLP, CCFC, CCSOTS, is a clinical psychologist in Huntington Woods, Michigan, with 25 years of experience specializing in sex offender assessments and treatment. Ms. Zoltowski is the owner of the Center for Assessment. She is a member of the American Psychological Association, the Association for the Treatment of Sexual Abusers, the National Association of Forensic Counselors and the Professional Advisory Board for Coalition for a Useful Registry.

Mr. Adelsberg seeks to continue treatment with his specialized treatment provider, Ms. Zoltowski, without undergoing any further assessments. Under Local

4

Rule 7.1, Counsel sought concurrence from the Government to the relief requested in this Motion. The Government defers to Pretrial Services and the Court. Therefore, court intervention is necessary to resolve this issue.

## LAW

18 USC § 3141 *et. seq*. governs pretrial release. The Bail Reform Act guides pretrial decisions. However, neither the Bail Reform Act nor the Federal Rules of Criminal Procedure establish procedures or standards for modification of pretrial release conditions. Instead, 18 USC § 3142(C)(3) indicates that the Court "may at any time amend the order to impose additional or different conditions of release. *Id*.

## ARGUMENT

Mr. Adelsberg is committed to complying with all conditions of his pretrial release. Counsel wishes to ensure Mr. Adelsberg complies with all conditions of his pretrial release. To Mr. Adelsberg's credit, he has been fully compliant with all terms and conditions of pretrial release. The defense is willing to provide the exact information Pretrial Services seeks. However, the release form requests the release of far more information than Pretrial Services requested and information that would jeopardize the defense and unfairly expose defense strategy.

Moreover, it is unclear why Pretrial Services now believes Mr. Adelsberg's current treatment is not considered specialized treatment. Mr. Adelsberg has been

enrolled in treatment since March 2024. He is engaged in both group and individual therapy with Ms. Zoltowski. (Exhibit F – Provider Letter – Filed Separately). The men's group "is designed to aid those experiencing sexual behavior issues. This includes sexual addiction, pornography addiction, sexual acting out, and involvement in the criminal justice system." (Ex. F). In other words, Mr. Adelsberg's treatment is specialized.

Mr. Adelsberg attends most of the group sessions, although he occasionally has to miss due to work obligations (only to the extent permitted by his therapist). (Ex. F). However, Mr. Adelsberg "always provides advanced notice if he will not be in attendance and is current about his financial obligations." (Ex. F). **Ms. Zoltowski recommends that Mr. Adelsberg continue attending individual and group therapy with her because he has "already done significant work toward addressing his behavior issues and is making good progress."** (emphasis added) (Ex. F). "Interrupting his current treatment regimen could set him back as he would need to re-establish rapport and restart the therapeutic process." (Ex. F). Mr. Adelsberg has established a positive and productive therapeutic rapport with Ms. Zoltowski and the men's group. (See Ex. F).

Subjecting Mr. Adelsberg to additional assessments creates more restrictive conditions than are necessary to ensure Mr. Adelsberg's appearance or the safety of the community. It also potentially forces Mr. Adelsberg to answer questions

6

related to the facts and circumstances surrounding the allegations, which abridges Mr. Adelsberg's constitutional rights.

Mr. Adelsberg takes no issue with providing Pretrial Services with the exact information it seeks as outlined in the September 12, 2024 email. However, Mr. Adelsberg seeks the ability to prepare a custom release that does not jeopardize the defense or expose defense strategy.

Mr. Adelsberg should continue his treatment with Ms. Zoltowski. Ms. Zoltowski is one of the foremost specialized treating providers in sex offender treatment. She is a certified clinical sexual offender treatment specialist and a clinically certified forensic counselor. Ms. Zoltowski has been "practicing for over 25 years, with an extensive history of working with individuals struggling with sexual behavior issues." (Ex. F).

She is recognized and respected in dozens of courts and jurisdictions throughout Michigan, which is why Mr. Adelsberg sought treatment from her. Ms. Zoltowski has been qualified as an expert in the area of psychosexual assessments in this Court. She is an approved vendor on the CJA Panel's list for providers in the Eastern District of Michigan. A copy of Ms. Zoltowski's Curriculum Vitae is attached for the Court's review to demonstrate she is a qualified provider. (Exhibit G – Curriculum Vitae).

## **CONCLUSION**

Taken together, Mr. Adelsberg seeks to continue treatment with his specialized treatment provider, Ms. Zoltowski, without undergoing any further assessments and, if necessary, permit the defense to prepare a custom release that will allow Pretrial Services access to the information it seeks limited to what is indicated in the September 12, 2024 email.

Defendant JOEL ADELSBERG respectfully asks this Court to grant this Motion in its entirety and grant any further relief it finds equitable and just.

Respectfully submitted,

LEWIS & DICKSTEIN, P.L.L.C.

*/s/ Parisa Sadrnia*
By: Parisa Sadrnia (P84945)
Attorney for Defendant
3000 Town Center, Suite 1330
Southfield, MI 48075
Phone: (248) 263-6800
psadrnia@notafraidtowin.com

Dated: September 23, 2024

## **CERTIFICATE OF SERVICE**

On September 23, 2024, I certify that I electronically filed the preceding Consolidated Motion and Brief with the Clerk of the Court and all parties or their counsel of record through the CM/ECF System, which will send notice to all parties of record or their respective counsel.

                                          */s/ Parisa Sadrnia*
                                          Parisa Sadrnia (P84945)
                                          Attorney for Defendant