United States District Court
Eastern District of Michigan
Southern Division

United States of America,

   Plaintiff,

          Hon. Sean F. Cox

v.

          Case No. 24-cr-20442

Joel Michael Adelsberg,

   Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Joel Michael Adelsberg, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with Distribution of Child Pornography under 18 U.S.C. § 2252A(a)(2).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:


EXHIBIT

| Count 1 | Term of imprisonment: | 5 years to 20 years |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | 5 years to life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 60 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

## 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the Indictment against the defendant in this case.

## 4. Elements of Count of Conviction

The elements of Count 1 are:

1. The defendant knowingly distributed child pornography;

2. The defendant knew that the material was child pornography;

3. The child pornography was distributed using a means or facility of interstate or foreign commerce, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

**Page 2 of 21**

5.    **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On or about October 3, 2023, in the Eastern District of Michigan, the defendant knowingly distributed child pornography, as defined in 18 U.S.C. § 2256(8), using the social media application "Kik" and the internet, a means or facility of interstate or foreign commerce. The defendant knew that the child pornography he distributed included an image of an adult woman's face posed next to the exposed genitals of an approximately 6- to 8-year-old girl. This image was a screenshot taken from a video saved on the defendant's primary cell phone, which depicted the adult woman performing oral sex on the minor girl.

On or about February 22, 2024, the defendant also possessed at least 106 videos and 49 images of child pornography across four different cell phones. The child pornography in the defendant's collection included depictions of prepubescent minors under the age of 12, including toddlers, as well as sadistic/masochistic conduct.

## 6.   Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.   The right to confront and cross-examine adverse witnesses at trial;

F.   The right to testify or not to testify at trial, whichever the defendant chooses;

G.   If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.   The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.   The right to compel the attendance of witnesses at trial.

## 7.   Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

8.    **Defendant's Guideline Range**

   A.    **Court's Determination**

   The Court will determine the defendant's guideline range at sentencing.

   B.    **Acceptance of Responsibility**

   The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- 2G2.2(a)(2): Base Offense Level;
- 2G2.2(b)(2): Material involved prepubescent minor or a minor who had not attained the age of 12 years;
- 2G2.2(b)(3)(F): Knowingly engaged in distribution;
- 2G2.2(b)(4): Offense involved material portraying sadistic or masochistic conduct or other depictions of violence; or sexual abuse or exploitation of an infant or toddler;
- 2G2.2(b)(6): Offense involved the use of a computer;
- 2G2.2(b)(7)(D): Offense involved 600 or more images.

### D.   Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E.   Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in subparagraphs B through D above, or in the factual basis. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.   Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in subparagraphs B through D above. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**9.    Imposition of Sentence**

    **A.    Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    **B.    Imprisonment**

        **1.    Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the defendant's guideline range as determined by the Court.

        **2.    No Right to Withdraw**

The government's recommendation in subparagraph B.1 above is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C.   Supervised Release

### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in subparagraph B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D.    Fines**

There is no recommendation or agreement as to a fine.

**E.    Restitution**

Restitution is mandatory in this case. The Court must order restitution to every identifiable victim of the defendant's offense. 18 U.S.C. § 2259. Defendant agrees to pay restitution to any identifiable victim associated with Counts 1 and 2 of the Indictment. Defendant also agrees to pay restitution to MV-1. 18 U.S.C. § 3663(a)(1). There is no recommendation or agreement as to the amounts of restitution. The Court will determine at sentencing the identity of any victim in addition to MV-1, and the amount of restitution owed to each victim.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.   Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 2253, defendant agrees to forfeit the following property:

1. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of the charged offense; and

3. Any property, real or personal, used or intended to be used to commit or to promote the commission of the charged offense or any property traceable to such property.

Specifically, defendant agrees to forfeit the following property:

- Grey Samsung cell phone;

- Grey/Silver Samsung cell phone;

- Grey Samsung Galaxy S5 cell phone;

- Black Samsung Galaxy S9 Edge cell phone;

- Black Samsung Galaxy S9+ cell phone.

Defendant agrees that the subject property is forfeitable to the United States pursuant to 18 U.S.C. § 2253, as property involved in defendant's violations because the property was used to commit or promote the commission of the violations, and/or contains depictions of child pornography.

Following the entry of this plea agreement and upon application by the United States, defendant agrees to the entry of one or more

orders of forfeiture of his interests in the above referenced property, including the entry of a Preliminary Order of Forfeiture, at or any time before, his sentencing. Defendant agrees that the forfeiture order will become final as to defendant's interests when entered by the Court.

Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J).

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture including any challenge

based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

In addition, under the Justice for Victims of Trafficking Act of 2015, the defendant will be required to pay a special assessment of $5,000, due immediately upon sentencing. 18 U.S.C. § 3014. However, if the Court finds that the defendant is indigent, he will not be ordered to pay this amount.

The defendant will also be required to pay an additional special assessment of up to $35,000. 18 U.S.C. § 2259A. In determining the amount of this assessment, the Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a) and 3572.

### 10.   SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to

promptly register under the federal sex offender registry. Defendant

may also be required to register under the law of the state in which he

resides, as well as any state where he has significant contacts

(including any state where he resides, works, attends school or

otherwise has significant contacts). Defendant further understands that

he will be required to maintain and update his registration for at least

twenty years, and potentially for the rest of his life.

## 11. Appeal Waiver

The defendant waives any right he may have to appeal his

conviction on any grounds. The defendant also waives any right he may

have to appeal his sentence on any grounds, unless his sentence of

imprisonment exceeds the top of the guidelines range as determined by

the Court.

## 12. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective

assistance of counsel or prosecutorial misconduct, as long as the

defendant properly raises those claims by collateral review under 28

U.S.C. § 2255. The defendant also retains the right to pursue any relief

permitted under 18 U.S.C. § 3582(c), as long as the defendant properly

files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 13.   Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw his guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the

greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 14.  Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 15.  Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 16.  Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the

subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by **5:00 p.m. on February 28,**

2025. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_Sara D. Woodward_

Sara D. Woodward
Chief, General Crimes Unit
Assistant United States Attorney

_Sean L. King_

Sean L. King
Diane N. Princ
Assistant United States Attorneys

Dated: December 12, 2024

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Parisa Sadrnia
Attorney for Defendant

_____
Joel Michael Adelsberg
Defendant

Dated:  2/28/25

Page **21** of **21**